UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:20-CR-00127-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DAVID O'NEIL (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Clarification of Sentence [doc. 61] filed by defendant David O'Neil. Defendant was sentenced by the undersigned on October 22, 2021, to two concurrent 84-month terms of imprisonment. Doc. 46. The undersigned also ordered that he be given credit for time served since December 8, 2020. *Id.* Defendant asserts, however, that the Bureau of Prisons is only crediting him with time served since December 1, 2021.

The United States Attorney General, through the BOP, is responsible under 18 U.S.C. § 3585 for calculating any time spent in official detention prior to the date a sentence commences. *United States v. Dowling*, 962 F.2d 390, 392 (5th Cir. 1992). The proper method for challenging the calculation of a sentence by the BOP is through a habeas corpus petition under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Dist. Court of Kentucky*, 410 U.S. 484, 494–95 (1973); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). An action under 28 U.S.C. § 2241 must be filed, however, in the district where the petitioner is confined. *Lee v. Wetzel*, 244 F.3d 370, 373–74 & n. 3 (5th Cir. 2001). Because the defendant is presently confined at FCI Butner in North Carolina, this court lacks

jurisdiction to consider his request for relief. Accordingly, the motion is **DENIED** without prejudice to defendant's right to seek relief through a habeas petition in the United States District Court for the Eastern District of North Carolina.

    **THUS DONE AND SIGNED** in Chambers on the 26th day of April, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**